**Timothy Demond BARRY, Plaintiff–Appellant,**

v.

**J. BISHOP; N. Albonico, Defendants–Appellees.**

**No. 13–16989.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2015.

Filed Nov. 25, 2015.

Sarah A. Hunger, Jennifer Loraine Swize, Jones Day, Washington, DC, for Plaintiff–Appellant.

Timothy Demond Barry, Calipatria, CA, pro se.

Ashley Erin Harlan, AGCA—Office of the California Attorney General, Thomas S. Patterson, Esquire, Supervisory, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: FERNANDEZ and M. SMITH, Circuit Judges, and MORRIS,* District Judge.

MEMORANDUM **

Timothy Demond Barry, a California prison inmate, appeals the district court's summary judgment in favor of prison officials, Sergeant Nickolus Albonico and Lieutenant Jason Bishop, in Barry's action

against them under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment to the United States Constitution. We affirm.

Barry asserts that Albonico and Bishop used excessive force against him after Albonico ordered an on-the-spot search of all of the approximately one hundred inmates in an exercise yard where one inmate had been chased down and stabbed to death. We disagree. While the vast majority of inmates complied, Barry refused to comply with a public search as opposed to one in private. Albonico directed that Barry be restrained (which included his being cuffed and placed on his knees) and watched over by other officers until the search of the other inmates was completed. While kneeling, Barry suffered burns to his knees.

The district court did not err when it determined that Albonico had not used excessive force[1] when he ordered that Barry be restrained on his knees pending the search of the other inmates. The evidence presented by Barry was insufficient to permit a reasonable trier of fact[2] to determine that Albonico had demonstrated a "'knowing willingness that [harm] oc-

cur,'"[3] or applied force "'for the very purpose of causing harm,'"[4] as opposed to "'a good faith effort to maintain or restore discipline.'"[5] To the extent that Barry then asserts that excessive force was used when he was required to keep kneeling even though he was suffering undue pain and harm to his knees, the evidence will not support a determination that Albonico, as opposed to his subordinates,[6] was aware of that. Moreover, to the extent that Barry now seeks to have the whole incident analyzed under the deliberate indifference standard, he did not plead that theory,[7] and, in any event, that standard is not the proper one to use in the exigencies of this prison disturbance situation.[8] And to the extent that Barry now asserts that there was deliberate indifference in failing to obtain medical care for him after the yard incident ended, there was no evidence to support a determination that Albonico was responsible for that.[9]

What we have said regarding Albonico applies also to Bishop, with the further reflection that there is even less evidence from which a reasonable trier of fact could conclude that Bishop had any knowledge

1. See *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); *see also Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998–99, 117 L.Ed.2d 156 (1992).

2. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir.2013).

3. *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994); *see also Hudson*, 503 U.S. at 7, 112 S.Ct. at 999.

4. *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir.2013).

5. *Id.*

6. See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675–76, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

7. See *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir.2010); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006).

8. See *Whitley*, 475 U.S. at 320, 106 S.Ct. at 1084; *cf. Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir.2000) (inmates unnecessarily kept in inhumane situation for days).

9. Because we find no violation, we need not, and do not, address qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232, 236, 129 S.Ct. 808, 815–16, 818, 172 L.Ed.2d 565 (2009).

of the yard incident that harmed Barry while it was proceeding.[10]

AFFIRMED.

---

10. To the extent that Barry now asserts that we should reverse for an alleged violation of Eastern District of California Local Rule 133(j), we disagree. That issue was not brought to the attention of the district court. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996). Moreover, Barry has

not shown any prejudice arising from the claimed violation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.